**A.C. BANGERT, Plaintiff,**

v.

**James W. HARRIS and William H. Proctor, Defendants.**

Civ. A. No. 82–0629.

United States District Court, M.D. Pennsylvania.

Dec. 14, 1982.

A.C. Bangert, pro se.

William G. Baughman, Markowitz & Seidensticker, P.C., York, Pa., for defendant Harris.

Harold K. Fitzkee, Jr., York, Pa., for defendant Proctor.

## MEMORANDUM

CALDWELL, District Judge.

### I. Background

Before us are the following related motions in this diversity action brought pursuant to 28 U.S.C. § 1332: defendant Harris' motions to dismiss and for a more specific pleading, plaintiff's motion to strike, and defendant Proctor's motions for an extension of time and to join in defendant Harris' motion. Plaintiff, proceeding *pro se,* filed his amended complaint on June 11, 1982 pursuant to the court's order and memorandum of June 3, 1982. Service on Proctor occurred on June 24 and on Harris, on June 29. Essentially plaintiff's cause of action is for breach of contract and negligence by defendants, whom plaintiff contends he retained as his attorneys in suits brought in the United States District Court for the Southern District of New York and the District of Connecticut and the Court of Common Pleas, York County, Pennsylvania. Plaintiff has also sought redress for emotional distress, which claims we shall address hereinafter.

Defendant Harris' motions to dismiss and for a more specific pleading were filed on July 16, 1982, together with a supporting memorandum. On August 5 plaintiff filed a motion to strike Harris' motions. Plaintiff also filed on the same date a document that purported to be a brief but which actually raised only trivialities.[1] Harris filed a timely brief in opposition, and we are persuaded that plaintiff is not entitled to the relief he seeks, particularly in light of defendant Harris' immediate filing of amended motions on August 9 and of plaintiff's noncompliance with the mandate of Local Rule 401.1 regarding certification of concurrence or nonconcurrence.[2] Harris' motions, therefore, remain before us for consideration.

### II. Defendant Proctor's Motions

Before addressing the merits of these motions, however, we turn to the issue of whether defendant Proctor will be permitted to join in them. Proctor moved for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(2) after plaintiff had requested entry of a default. The "excusable neglect" showing was sufficient to permit an extension since it appears that originally Proctor had expected Harris' counsel to represent both defendants. Furthermore, plaintiff has filed no opposition and pursuant to Local Rule 401.7, Proctor's motion is deemed unopposed. It is unnecessary to delineate the amount of time for which the extension is granted since Proctor has already filed a motion and memorandum to join Harris' motions. In fact the extension motion was discussed at the pretrial discovery conference held on October 15, 1982, and was at least informally granted. Although Proctor's counsel should have acted more promptly in filing his motion (filed November 15, 1982) to join in Harris' motions, no deadline was established by the court at the conference. Our accompanying order, however, establishes clear and compulsory deadlines for further proceedings in this case.

---

1. One was a typographical error in defendant's motions wherein the word "plaintiff" was consistently and erroneously substituted for the word "defendant" in the prayers for relief. Another was defendant's statement that plaintiff had been represented in patent infringement suits. We believe these were copyright cases, but plaintiff's amended complaint does not say.

2. Moreover, a letter from Harris' attorney attached to Harris' amended motions and also Harris' reply brief indicate that plaintiff had agreed by phone to permit amended motions to be filed and that his motion to strike was in direct violation of that agreement. If counsel is accurate in his representations, this conduct is not encouraged by the court.

On December 3, 1982, plaintiff filed combined motions to strike Proctor's motion and for entry of a default judgment. The motions are untimely since opposition to Proctor's extension motion and memorandum of October 6, 1982, would have been due in fifteen (15) days pursuant to Local Rule 401.6. Plaintiff cannot now resurrect matters he failed to oppose earlier, and a default will not be entered.

Although plaintiff appears to be attempting to oppose the motion of Proctor filed on November 25 (rather than November 11 as plaintiff states) as untimely, such opposition is directed largely to Proctor's failure to attach to the motion a copy of defendant Harris' amended motion and memorandum of August 9, 1982. We know of no requirement for doing so.[3] Also plaintiff has completely misread Federal Rule of Civil Procedure 11 as requiring counsel to read and understand another party's pleading. Although a desirable practice, it is not within the ambit of Rule 11, which addresses the responsibilities attendant to signing one's own pleadings.

Under the circumstances and in view of the considerable delay already occasioned in this case, we are permitting Proctor to join in Harris' motions to dismiss and for a more definite statement. In the interest of fairness to plaintiff, however, who has not been responsible for the lack of expeditiousness, we are excusing his failure to file a proper opposing brief (see n. 1 supra and accompanying text) and will consider the motions on their merits rather than deeming as unopposed all parts of those motions which plaintiff has failed to address. Were we to follow the latter course of action, the motions would be granted in their entirety.

### III. The Complaint and Motions to Dismiss and for a More Definite Statement

The motions we now address are grounded in the following issues: whether plaintiff has set forth claims upon which relief can be granted and whether recovery of treble damages and exemplary damages is proper under applicable Pennsylvania law. Plaintiff's complaint consists of seven counts. Counts I, II, and III are directed to the representation of plaintiff by defendants in the federal court civil action filed in New York. Count I alleges breach of contract; Count II alleges "intentional legal malpractice;" and Count III alleges "vindictive and intentional infliction of mental distress." Count IV is a breach of contract claim with respect to the federal court civil action filed in Connecticut. Counts V, VI, and VII are directed to the Pennsylvania county court action. The counts are essentially identical to Counts I, II, and III.

### IV. The Legal Malpractice Claims

Defendants have moved to dismiss Counts II and VI in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Their motion is based on the failure of Pennsylvania law to recognize "*intentional* legal malpractice" as a cause of action. (emphasis supplied) Although defendants are technically correct, it certainly cannot be argued that malpractice by attorneys, whether intentional or negligent, has provided anything but fertile ground for litigation for many years.[4] Our research has shown that negligent conduct is generally alleged by clients seeking redress for malpractice. It logically follows, however, that if a client alleges intentional actions by an attorney, which actions are not in the client's best interest and which the attorney knows or should know are not, the client may sue the wrongdoer. To argue that negligent conduct has a remedy but that intentional conduct does not is illogical and incorrect.

---

**3.** We note that Proctor's motion indicates that these documents were attached, when in reality they were not. This oversight by counsel, although careless, is of little import in view of the fact that the documents are in the official file and plaintiff was served with copies long before the date of Proctor's current motion.

**4.** A comprehensive survey of the case law dating back to 1834 appears in *Duke & Company v. Anderson*, 275 Pa.Super. 65, 418 A.2d 613 (1980).

The case of *Schenkel v. Monheit,* 266 Pa. Super. 396, 405 A.2d 493, 494 (1979), *quoting* R. Mallen & V. Levit, *Legal Malpractice* 123 (1977) listed the three essential elements for a professional negligence action.

1. The employment of the attorney or other basis for duty;
2. The failure of the attorney to exercise ordinary skill and knowledge; and
3. That such negligence was the proximate cause of damage to the plaintiff.

It is obvious from plaintiff's complaint that he is alleging conduct by defendants that injured plaintiff while defendants were under a duty to protect plaintiff's interests. In fact, paragraphs 15 and 16 of Count II and paragraphs 56 and 57 of Count VI address actions defendants "neglected" to take on plaintiff's behalf. The complaint concededly could have been more artfully drafted, but plaintiff is proceeding *pro se* and his status compels us to exercise leniency. Moreover, were we to follow defendants' suggestions and dismiss a layman's malpractice claim simply because he chose to use the word "intentional," we would be thwarting the mandate of Rule 8(f) that "[a]ll pleadings shall be so construed as to do substantial justice." Accordingly, defendants' motion to dismiss these counts is denied.

V. The Intentional Infliction of Mental Distress Claims

■ Turning to Counts III and VII, claiming "intentional infliction of mental distress," we find, that although this appears to be a tort claim cognizable under Pennsylvania law through Restatement (Second) of Torts, § 46, plaintiff must be mindful of the heavy burden he bears of showing that the conduct of defendants was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1274 (3d Cir.1979), *quoting* Restatement (Second) of Torts, § 46, comment d. Furthermore, it is the province of the court to determine initially "whether there is sufficient evidence for reasonable persons to find extreme or outrageous conduct," *id.,* and, if not, to withhold the issue from consideration by the jury.

The cases examining this tort have looked for four essential elements: (1) extreme and outrageous conduct (2) that is intentional and reckless (3) and causes emotional distress (4) that is severe. *See, e.g., Chuy, supra; Kutner v. Eastern Airlines, Inc.,* 514 F.Supp. 553 (E.D.Pa.1981); *Martin v. Municipal Publications,* 510 F.Supp. 255 (E.D. Pa.1981); *Curran v. Dural,* 512 F.Supp. 699 (E.D.Pa.1981). Defendants have asked us either to dismiss Counts III and VII or to require plaintiff to plead more specifically. As authority they have cited the old case of *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 167 A. 310 (1933) and Federal Rule of Civil Procedure 9(g), which provides, "When items of special damage are claimed, they shall be specifically stated."

■ We find defendants' position unpersuasive. As the court in *Rannels v. S.E. Nichols, Inc.,* 591 F.2d 242 (3d Cir.1979), noted in reversing a dismissal by the district court in a malicious prosecution and defamation action, considerable latitude and liberal opportunity for amendments should be accorded to avoid dismissal for failure to comply with Rule 9(g). The dismissal motion is, therefore, denied.

The alternative motion of defendants for a more definite statement under Rule 12(e) is likewise denied pursuant to the rationale in *North Carolina Mut. Life Ins. Co. v. Plymouth Mut. Life Ins. Co.,* 266 F.Supp. 231 (E.D.Pa.1967). In that case part of plaintiff's claim was for damages to its reputation and present and future business relationships and defendant moved for a more definite statement. Among its reasons for denying defendant's motion, the court listed the accessibility of more details through discovery and depositions and the fact that the complaint was not so vague as to preclude defendant from framing a response thereto. Our review of Counts III and VII of the present complaint indicates that defendants can file an answer, and our

accompanying order sets forth the requirements for doing so.

## VI. The Exemplary Damages Claims

█ We turn now to defendants' contentions with regard to dismissal of the claims for exemplary damages, which plaintiff has included in all counts of the complaint. As we have previously noted, Counts I, IV, and V are based on breach of contract, and it has long been the general rule in Pennsylvania that exemplary, or punitive damages are not recoverable for breach of contract because "the motive for breaching a contract is not important and . . . the recovery would be restricted to the damages caused by the breach itself." *Mellon Bank, N.A. v. Aetna Business Credit Inc.,* 500 F.Supp. 1312, 1321 (W.D.Pa.1980), *citing Pittsburgh C. & St. L. Railway Co.,* 123 Pa. 140, 150, 16 A. 607 (1888), wherein the court held that the measure of damages would be the same regardless of whether the breach was through inability or willful refusal to perform. *See also Culbreth v. Simone,* 511 F.Supp. 906, 915 (E.D.Pa.1981). In accordance with applicable law, therefore, the exemplary damages claims in Counts I, IV, and V are dismissed.

█ Plaintiff has also claimed exemplary damages in the malpractice (Counts II and VI) and emotional distress (Counts III and VII) claims. Defendants have moved to dismiss on the basis that the conduct of the defendants/attorneys in the present action could not support an award of punitive damages. They have pointed to *Medvecz v. Choi,* 569 F.2d 1221 (3d Cir.1977), a medical malpractice action, as authority that "mere negligence" is not sufficient to warrant such damages.

A reading of *Medvecz,* however, convinces us that these damages ought not to be dismissed from the present case at this time. Pennsylvania has adopted the Restatement (Second) of Torts § 908, which sets forth a punitive damages standard of "outrageous conduct" or "acts done with a bad motive or with a reckless indifference to the interests of others." The *Medvecz* court provides a thorough survey of the law

and points out that the Restatement makes no exception for medical malpractice cases with regard to punitive damages. Moreover, it discusses several cases from other jurisdictions in which the "reckless indifference" standard has been applied.

More recently, in *Berroyer v. Hertz,* 672 F.2d 334 (3d Cir.1982), another medical malpractice case, a dentist successfully appealed a sizable punitive damages award when the court found insufficient support for submission of an exemplary damages interrogatory to the jury. Because the determination on whether to submit consideration of such damages to the jury is for the court, *see e.g., Focht v. Rabada,* 217 Pa.Super. 35, 38, 268 A.2d 157, 159 (1970), we cannot now determine this matter. At the time of trial, Counts II, III, VI, and VII will be re-examined in this regard, but at the present time, defendants' motions to dismiss the exemplary damages claims therein must be denied.

## VII. The Treble Damages Claims

█ All seven counts of plaintiff's complaint set forth treble damages claims. These claims must be dismissed in that there is no statutory authority therefor. It is true that in certain instances treble damages may be assessed under Pennsylvania law. *See, e.g.,* 32 P.S. § 512 (conversion of logs adrift in named rivers); 68 P.S. § 250.-311 (tenants' unlawful removal of personal property distrained upon by landlord for rent). However, the cases addressing such damages hold that express authorization by statute is mandatory for such recovery. *See, e.g., Goldberg v. Friedrich,* 279 Pa. 572, 124 A. 186 (1924); *Hughes v. Stevens,* 36 Pa. 320 (1860). Plaintiff has cited no statutory basis for his claims and our research has disclosed none. Therefore, these claims are dismissed.

## ORDER

AND NOW, this 14th day of December, 1982, IT IS HEREBY ORDERED THAT:

1. Defendant Proctor's motions for an extension of time and to join in defendant Harris' motions to dismiss and for a more definite statement are granted.

2. Plaintiff's motions to strike, filed on August 5 and December 3, 1982, are denied. Counsel for defendants need not submit briefs on the latter motion if they have not done so.

3. Plaintiff's request for entry of default (submitted as part of his aforesaid December 3 motion to strike) is denied.

4. Defendants' combined motions to dismiss and for a more specific pleading are disposed of as follows:

   a. The motion to dismiss counts II and VI (legal malpractice claims) of the complaint is denied.

   b. The motion to dismiss counts III and VII (intentional infliction of mental distress claims) of the complaint is denied.

   c. The motion for a more definite statement of counts III and VII is denied.

   d. The motion to dismiss the exemplary damages claims in counts I, IV, and V (breach of contract claims) of the complaint is granted.

   e. The motion to dismiss the exemplary damages claims in all remaining counts (II, III, VI, and VII) of the complaint is denied.

   f. The motion to dismiss the treble damages claims from all seven counts of the complaint is granted.

5. Defendants are directed to file a responsive pleading within thirteen (13) days of the date of this order pursuant to Federal Rules of Civil Procedure 12(a)(1) and 6(e).

6. Failure to comply strictly with the time limit set forth in paragraph 5 shall result in entry of a default against the offending party(ies).

7. Failure to comply strictly with paragraph 5 and in the future with all provisions of the Federal and Local Rules shall result in the imposition of appropriate sanctions, including, but not limited to, those in Local Rule 119.