**Pacelli E. BRION, M.D., Appellant,**

v.

**VIGILANT INSURANCE COMPANY, Respondent.**

**No. 46002.**

Missouri Court of Appeals, Eastern District, Division Three.

April 19, 1983.

Thomas J. Casey, St. Louis, for appellant.

Eugene K. Buckley, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Dr. Pacelli Brion, M.D., appeals from the trial court's order sustaining respondent Vigilant Insurance Company's motion to dismiss appellant's petition for failure to state a claim. Dr. Brion appeals only from the dismissal of Count II of his petition. We reverse and remand.

In Count II of his petition, appellant alleges that he is a psychiatrist who was joined by Deaconess Hospital in a third-party petition alleging professional negligence; that respondent assumed appellant's defense pursuant to the terms of a contract of insurance issued to appellant by respondent; and that respondent settled claims made against appellant in the third-party petition without appellant's consent contrary to the express provisions of the insurance contract. Appellant's alleged damages resulting from the breach of contract are loss of a malicious prosecution claim against Deaconess Hospital;[1] embarrassment, humiliation, and disgrace individually and professionally; loss of reputation and standing in the community as a psychiatrist; mental anguish now and in the future; loss of time and earnings from his occupation as a psychiatrist; and attorney's fees incurred in the unsuccessful prosecution of the malicious prosecution action.

For the purpose of the motion to dismiss, the facts alleged in appellant's petition are deemed admitted. *Williams v. School District of Springfield R–12,* 447 S.W.2d 256, 267 (Mo.1969). Thus in our review of the sufficiency of the petition, we accept as true these allegations and all reasonable inferences therefrom. If the petition states any grounds for relief, it should not be dismissed. *Johnson v. Great Heritage Life Insurance Co.,* 490 S.W.2d 686, 690 (Mo.App. 1973).

The provision of the insurance contract which respondent allegedly breached requires appellant's consent prior to settlement of any malpractice suit against him. This is essentially a "pride" provision which gives appellant control over litigation which could jeopardize his professional reputation. 2 R. Long, *The Law of Liability Insurance,* § 12.03 at 12–7. The control given to appellant by the terms of the insurance contract is a valuable right. J. Appleman, *Insurance Law and Practice,* § 4681 at 3 (1979). We can assume appellant paid an additional premium for this control.

We agree with respondent that damages recoverable in a breach of contract action are those naturally resulting from the breach and which were within the rea-

---

1. Count I of appellant's petition alleges malicious prosecution on the part of Deaconess Hospital. Summary judgment on this count was entered in favor of Deaconess Hospital on the grounds that settlement of the underlying claim extinguished appellant's right to proceed against Deaconess Hospital for malicious prosecution.

sonable contemplation of the parties at the time the contract for insurance was executed. *Lamb v. Amalgamated Labor Life Insurance Co.,* 602 F.2d 155, 159 (8th Cir. 1979); *Miller v. American Insurance Co.,* 439 S.W.2d 238, 240 (Mo.App.1969). However, the actual damages which appellant may recover upon adequate proof of their measure is not the issue before this court. The sole issue presented is whether appellant's petition states a claim upon which relief can be granted. Appellant's petition alleges facts sufficient to demonstrate execution of a valid contract and breach of the contract by respondent. This is sufficient to state a claim for at least nominal damages. *Sunny Baer Co. v. Slaten,* 623 S.W.2d 595, 598 (Mo.App.1981); *Duncan v. Kelly,* 435 S.W.2d 29, 34 (Mo.App.1968). Dismissal of the petition was, therefore, improper. We note that the contract of insurance involved here is more than a simple liability insurance policy. In recognition of the value of a professional reputation, the instant contract gives the insured the express right to control the settlement aspect of litigation and thereby protect that reputation. The breach of this contract may, therefore, give rise to damages not generally recoverable in a conventional breach of contract action.

The trial court's order sustaining respondent's motion to dismiss is reversed and the case remanded.

REINHARD and CRIST, JJ., concur.