Nellie **MANSFIELD**, Appellant,

v.

**TRAILWAYS, INC.**, a Delaware corporation, Respondent.

No. 14829.

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 1987.

Peter N. Sterling, Rolla, for appellant.

R.L. Veit, Paul T. Graham, Carson, Coil, Riley, McMillin, Levine & Veit, P.C., Jefferson City, for respondent.

CROW, Chief Judge.

Plaintiff Nellie Mansfield appeals from an order of the Circuit Court of Phelps County dismissing her two-count petition for damages against defendant Trailways, Inc.

The allegations of Count One pertinent to this appeal are:

"2. Plaintiff is a resident of the County of Phelps, State of Misosuri [sic].

. . . .

4. Defendant Trailways, Inc., operates an office and agent for the sale of its services and operates its motor carrier service . . . in Phelps County, Missouri.

5. Defendant Trailways, Inc., owns the property where the passenger terminal is located . . . in Wichita, Kansas.

6. Plaintiff purchased a ticket from Defendant at Oklahoma City to her destination of Kansas City, Missouri, on October 27, 1981, to return to her residence in Phelps County, Missouri.

7. On October 27, 1981, while on Defendant Trailways' bus Plaintiff attempted to use the on board restroom at the rear of the vehicle. . . .

8. Plaintiff was unable to use said restroom because the door was wired shut and not in working order on said date.

9. On said date at about noon, while said bus was at Defendant's bus terminal in Wichita, Kansas, Plaintiff entered said terminal to use the restroom facilities. Plaintiff, at all times herein, was walking with the aid of crutches, visible to others.

. . . .

11. Plaintiff approached a male ticket agent at the sales counter . . . and asked where the restroom was located, and was informed by said agent as to its location.

12. As the Plaintiff attempted to leave said restroom and descend the stairway, Plaintiff slipped on said stairway, causing her to fall down the stairs.

13. Defendant owed a duty to its customers . . . including Plaintiff, to keep its terminal, including all stairways and steps therein in a condition reasonably safe for the use of said customers . . . including Plaintiff, and owed a duty to provide a working restroom on said bus for the use of its customers . . . including Plaintiff.

14. Defendant carelessly and negligently failed to maintain the steps leading from the terminal floor area to the restrooms in the terminal, in a condition reasonably safe for use by its customers . . . including Plaintiff, in that:

[Here, the petition lists 15 alleged defects and dangerous conditions.]

15. Not withstanding [sic] that Defendant knew or should have known of the presence of said defects and dangerous conditions aforementioned and of the danger to the Plaintiff presented thereby, Defendant failed to warn its customers . . . including, the Plaintiff, of the presence of said defects and dangerous conditions aforementioned.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff slipped and fell down the entire stairway.

[At this point, the petition alleges plaintiff sustained "many serious, permanent, progressive and disabling injuries" of sundry kinds, that she expended mon-

ey and obligated herself financially for medical care and treatment of such injuries, that she will have future expenditures for those purposes, and that by reason thereof she has been damaged in the amount of $250,000.]

WHEREFORE, Plaintiff ... prays for ... judgment ... against Defendant Trailways, Inc., in the amount of ... $250,000.00 ... together with costs herein expended and for such other and further relief as the Court deems just and proper."

The allegations of Count Two pertinent to this appeal are:

"21. Plaintiff realleges each and every Paragraph of Count One of her petition as though incorporated herein.

22. On October 24, 1981, Plaintiff purchased from Defendant and its agent in Rolla, Phelps County, Missouri, a ticket for bus transportation from Rolla, Missouri to Oklahoma City, Oklahoma, Plaintiff traveled on said date to said destination intending to return to Missouri.

23. On October 27, 1981, Plaintiff paid to Defendant approximately ONE HUNDRED AND NO/100 DOLLARS ... for a ticket for transportation from Oklahoma City, Oklahoma, to Kansas City, Missouri, via Wichita, Kansas.

24. Defendant agreed to provide transportation services, including on board restroom facilities, to Plaintiff for said trip from Oklahoma City, Oklahoma, to Kansas City, Missouri.

25. Plaintiff boarded and occupied a bus belonging to Defendant and traveled to Wichita, Kansas.

26. Plaintiff was unable to use the restroom facilities on said bus as aforementioned.

27. Plaintiff performed all duties to Defendant regarding said transportation services.

28. Defendant failed to perform said services in that it did not provide said on board restroom facilities and denied Plaintiff the benefit of said contracted services.

29. As a result of Defendant's act, Plaintiff was damaged in the amount of ONE HUNDRED AND NO/100 DOLLARS ..., said sum being the cost of said services to Plaintiff.

WHEREFORE, Plaintiff prays for a judgment ... against Defendant in Count Two of her petition, in the amount of ONE HUNDRED AND NO/100 DOLLARS ..., for costs and such other and further relief the Court deems just and proper."

The petition was filed June 24, 1985, 3 years, 7 months and 28 days after the alleged incident occurred.

In an amended motion to dismiss, defendant averred that the claim asserted in Count One was controlled by Kansas law, and was barred by the two-year limitation of Kan.Stat.Ann. § 60–513(a)(4) (1983). In the same motion, defendant averred that the claim asserted in Count Two was controlled by Oklahoma law, and was barred by "Oklahoma Rules of Civil Procedure, § 95."[1]

In support of its amended motion to dismiss, defendant referred the trial court to § 516.190, RSMo 1978, which provides:

"Whenever a cause of action has been fully barred by the laws of the state ... in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

Defendant asserted that the "injury and tort" pleaded in Count One took place in Kansas, therefore the Kansas statute of

---

1. Section 95, Oklahoma Court Rules and Procedure, 1984–1985 (West), mirrors Okla.Stat.Ann. tit. 12, § 95 (West 1987 Cum. Annual Pocket Part), Okla.Laws 1971, c. 316, § 3, eff. June 24, 1971. The statute provides, in pertinent part: "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

First. Within five (5) years: An action upon any contract, agreement or promise in writing.

Second. Within three (3) years: An action upon a contract express or implied not in writing; ...."

limitations applied. Defendant asserted that Count Two, "being a contract action arising in Oklahoma," was governed by the Oklahoma statute of limitations on contract actions.[2]

Thereafter, an affidavit of D. Paul Stafford was filed. Stafford's affidavit, which identified him as Secretary of Trailways Lines, Inc., formerly Trailways, Inc., stated that a document attached thereto was "the only writing which would have occurred when Nellie Mansfield bought her ticket in the State of Oklahoma for a return trip to Rolla, Missouri."

The document attached to Stafford's affidavit consisted of three small sheets. The following is a facsimile of the first sheet:

| 53815394 | 6 |

Go Big Red

Go Trailways

The following is a facsimile of the second sheet:

| Auditor's Stub | | 53815394  6 |
| | | OW–1        0 |
| Baggage * Mark Here | Half Fare * Mark Here | Customer Signature x |
| | | Issued |
| NOT GOOD FOR PASSAGE | | By Trailways, Inc. DALLAS, TX |

The following is a facsimile of the third sheet:

| Carrier | Tax | | Zone | Fare |
| --- | --- | --- | --- | --- |
| From | | | | |
| To | | | | |
| PASSENGER TICKET—VOID IF DETACHED | | | | 53815394  6 |
| Validating Stamp | | MO/DAY/YR | | |
| | | | | OW–1        1 |
| | | | | Endorsement |
| Subject to Tariff Regulations | | | | |
| Baggage * Mark Here | Half Fare * Mark Here | | | Customer Signature x |
| | | | | Issued |
| 1 2 3 4 5 6 7 8 Good for One Trip | | | | By Trailways, Inc. DALLAS, TX |

---

Plaintiff, in a memorandum in opposition to defendant's amended motion to dismiss, argued to the trial court that the "cause of action in contract" arose in Missouri, inasmuch as she "purchased tickets to leave and return (not a round-trip ticket) to Missouri, since the completed performance was to be in Missouri, and since both parties

**2.** Footnote 1, *supra.*

have a significant connection to Missouri." Consequently, said plaintiff, "Missouri statutes of limitation apply in the contract count."

Plaintiff's memorandum further averred that the "personal injury claim" was not barred by the Kansas statute of limitations; however, we need not set forth plaintiff's argument to the trial court on that subject, as no issue regarding the Kansas statute is raised in this appeal.

On May 15, 1986, the trial court entered an order granting defendant's amended motion to dismiss both counts of plaintiff's petition. This appeal followed.

Plaintiff presents one assignment of error, which maintains that Count *Two* should not have been dismissed, as that count "was expressly pled as an action upon a contract, agreement or promise in writing, to wit: a passenger ticket, and therefore the five year provision of the Oklahoma statute would apply to permit plaintiff's action which was brought within five years after the cause of action accrued."

Plaintiff assigns no error regarding the dismissal of Count *One*, so we direct our attention solely to Count Two. As to that count, plaintiff, contrary to her position in the trial court, states in her brief: "For the purpose of this appeal, it is conceded that contract was made in Oklahoma and the Oklahoma Statute of Limitation would apply in consequence of Missouri's 'borrowing' statute, Section 516.190 RSMo."

With the scope of our inquiry so defined, we observe that the order from which plaintiff appeals does not indicate whether the trial court considered the Stafford affidavit and the ticket attached thereto.

It has been held that if it appears from a petition that the statutory period of limitation has expired, such defense may be properly raised by a motion to dismiss. *Uber v. Missouri Pacific Railroad Co.*, 441 S.W.2d 682, 683[1] (Mo.1969); *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 184[6] (Mo. App.1982). It has further been held that where such a motion refers to the adverse party's answers to interrogatories, the trial court can treat such motion as one for

summary judgment under Rule 74.04, Missouri Rules of Civil Procedure (14th ed. 1983). *Bohrmann v. Schremp*, 666 S.W.2d 30, 32 (Mo.App.1984). And, in *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829[1] (Mo.App.1984), it is said, "[U]nder Rule 55.27, when matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment."

In the instant case, neither party raises any procedural issue about the manner in which the trial court handled defendant's amended motion to dismiss, and each party's brief refers to the ticket plaintiff purchased from defendant in Oklahoma City. We shall therefore proceed on the assumption that the trial court treated defendant's amended motion to dismiss as a motion for summary judgment, and duly considered the Stafford affidavit and the ticket appended thereto.

The next item to be set in place is the type of damage for which plaintiff seeks recovery in Count Two. While the prayer of that count asks for only $100—alleged by plaintiff to be the approximate cost of the ticket—her brief states that the question for our determination is "whether plaintiff's cause of action against a common carrier for breach of contract resulting in personal injuries is an action on a contract or agreement in writing." Plaintiff's brief further informs us: "The real substance of plaintiff's claim in Count II is the recovery of damages for personal injuries sustained as a result of defendant's breach of the transportation contract."

It is thus evident that plaintiff's position on *appeal* is that Count II pleads a cause of action for money damages for her alleged bodily injuries, not merely for recovery of the price of the ticket. That is demonstrated by plaintiff's reply brief, wherein she states, "[Plaintiff] specifically alleges all of her personal injuries by incorporation of Count I in Count II for breach of contract." To substantiate that declaration, plaintiff directs us to paragraph 21 of her petition, set forth earlier in this opinion.

Endeavoring to explain why Count II prays for only $100, while Count I alleges that her bodily injuries resulted in damages of $250,000, plaintiff asserts, "[A] prayer for relief is not part of pleading, and omission thereof does not oust a court of jurisdiction of the subject matter."

The above quotations demonstrate that irrespective of the original purpose of Count II,[3] plaintiff is now contending that such count states a cause of action for breach of a written contract, and that such breach entitles plaintiff to an award of money damages for her alleged bodily injuries. It follows that if the allegations of Count II fail to support recovery for such injuries, the order of the trial court must be affirmed.

In her brief, plaintiff argues that her bodily injuries "are a direct result of defendant's breach of its contractual duty to plaintiff." She neglects, however, to explain (a) what that duty was, (b) how defendant breached it, or (c) how the breach caused her injuries.

The petition, as we comprehend it, pleads that defendant agreed to carry plaintiff from Oklahoma City to Kansas City on a bus equipped with a usable restroom, and that defendant breached the agreement by carrying plaintiff on a bus unequipped with a usable restroom. The petition does not, however, allege that plaintiff's bodily injuries were caused by that breach.

Instead, the petition alleges that because the bus's restroom door was wired shut, plaintiff found it necessary to get off the bus at Wichita and use the restroom at defendant's terminal there, that after using the restroom she was obliged to descend a stairway, and that in descending she fell as a direct and proximate result of defendant's negligence in (1) failing to maintain the steps in a reasonably safe condition, and (2) failing to warn her of the defective and dangerous conditions in the steps.

■ Under Missouri law, in an action for breach of contract, in addition to recovering the benefit of his bargain, a plaintiff may also recover for damages naturally and proximately caused by the commission of the breach and for those that could have been reasonably contemplated by the defendant at the time of the agreement. *Crank v. Firestone Tire & Rubber Co.*, 692 S.W.2d 397, 402[10] (Mo.App.1985); *Liberty Financial Management Corp. v. Beneficial Data Processing Corp.*, 670 S.W.2d 40, 57–59 (Mo.App.1984); *Brion v. Vigilant Insurance Co.*, 651 S.W.2d 183, 184–85[1] (Mo.App.1983). This is essentially the rule laid down in the leading case of *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng.Rep. 145 (1854). *See:* 5 Corbin on Contracts, § 1007 (1964).

■ Nowhere in plaintiff's petition do we find an allegation that her alleged bodily injuries were naturally and proximately caused by defendant's failure to provide a usable restroom on the bus that carried her from Oklahoma City to Wichita, or that defendant, at the time of the agreement, could have reasonably contemplated that plaintiff would sustain bodily injuries if the bus did not have a usable restroom.

■ However, even if the petition had contained such allegations, it could not have withstood a motion to dismiss, as we hold that as a matter of law, plaintiff's alleged bodily injuries, on the pleaded facts, were not naturally and proximately caused by the lack of a usable restroom on the bus that carried her from Oklahoma City to Wichita, and defendant, at the time it sold plaintiff the ticket for that journey, could not have reasonably contemplated that the lack of a usable restroom on the bus would cause plaintiff to sustain bodily injuries by falling down the stairway at the Wichita terminal.

The closest Missouri case we can find on the question of damages naturally and proximately caused by breach of a contract, or that could have been reasonably contemplated by the defendant at the time of the contract, is *Equity Mutual Insurance Co. v. Affiliated Parking, Inc.*, 448 S.W.2d 909 (Mo.App.1969). There, the defendant operated a parking lot at a municipal airport, under contract with the munici-

---

**3.** The attorney representing plaintiff in this appeal is not the attorney who filed the petition.

pality. The contract required the defendant to have a minimum of two station attendants and one supervisor on duty at all times. A lady drove her husband's automobile to the airport to meet her husband, who was arriving by plane. She parked the automobile on the parking lot. When she and her husband walked to the location where she had parked it, it was gone. No supervisor was on duty at the time the automobile disappeared. The person who took the automobile was never identified, and the automobile was never recovered. The opinion held, among other things, that there was no way to infer that the failure to comply with the contract provision requiring the presence of a supervisor was connected with or in any way caused the loss of the automobile. The opinion stated: "In other words, there is no showing the damage resulted from the breach of the contract as to this provision. We hold this judgment [against the defendant] cannot be affirmed on the ground of breach of contract." *Id.* at 913[4].

Those interested in the subject of damages foreseeable as a probable result of breach of contract can study Restatement (Second) of Contracts § 351 (1981); 11 Williston, A Treatise on Contracts § 1344 (3d ed. 1968); *Corbin, supra,* §§ 1006–19.

In the instant case, plaintiff, in an ingenious but transparent effort to circumvent the bar of the two-year Kansas limitation on tort actions, has endeavored to transmogrify a tort claim for bodily injuries into an action on a written contract made in Oklahoma. This she cannot do, as we have concluded that her alleged bodily injuries were not naturally and proximately caused by defendant's failure to carry her from Oklahoma City to Wichita on a bus equipped with a usable restroom, and that defendant, at the time it sold her the ticket, could not have reasonably contemplated that failure to provide a usable restroom on the bus would result in her falling on the stairway at the Wichita terminal.

Having made that determination, we need not decide whether the ticket constitutes a written contract and thereby comes under the five-year provision of the Oklahoma statute of limitations, nor need we decide, as plaintiff suggests in her reply brief, whether the phrase "Subject to Tariff Regulations" on the third sheet of the ticket incorporates a federal regulation allegedly requiring a restroom on any bus with seating for more than 14 passengers. We likewise need not decide whether Count II would be barred by the Oklahoma statute of limitations if such count were treated as an action to recover only the purchase price of the ticket, as plaintiff, in this court, has emphatically asserted that the purpose of Count II is to recover for her bodily injuries.

The order dismissing plaintiff's petition is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.

