GAITAN, Presiding Judge.
 

 Plaintiff-appellant, Victor Arana, M.D., appeals the judgment of the trial court granting defendants’ motions for summary judgment and to dismiss plaintiff’s action for legal malpractice. We reverse and remand for a trial on the merits.
 

 STATEMENT OF FACTS
 

 Plaintiff was sued for medical malpractice in a suit entitled
 
 Mary Elam et al. v. Dr. Victor A. Arana, M.D., et al., (Elam
 
 lawsuit). His malpractice insurance carrier, the Medical Protective Company of Fort Wayne, Indiana (Medical Protective), retained the law firm of Brown, Douglas & Brown, defendants-respondents herein, to defend him in the
 
 Elam
 
 action. Defendants settled the
 
 Elam
 
 lawsuit, allegedly without Arana’s knowledge or consent. Arana then sued respondents for legal malpractice.
 

 Arana’s original petition set out three theories of recovery: breach of contract (Count I); negligence (Count II); and malpractice based on willful conduct (Count III).
 

 In Count I, the contract claim, plaintiff alleged that on or about August 10, 1981, he was sued for medical malpractice in the
 
 Elam
 
 suit. At that time, plaintiff was insured against such claims by Medical Protective under Policy No. 518270 which provided that Medical Protective would not compromise a claim against him without his consent. Plaintiff referred the
 
 Elam
 
 action to Medical Protective, which in turn hired defendants to defend plaintiff. Plaintiff alleged that he told defendants by letter that he “wanted the case to go to the end because there was no ground for it.”
 

 The petition further alleged that on or about February 18, 1983, defendants settled the
 
 Elam
 
 lawsuit for $97,500.00 without first advising Arana or securing Ara-na’s permission. Plaintiff alleged that, in settling the
 
 Elam
 
 lawsuit, defendants were furthering their business relationship with Medical Protective, contrary to Arana’s best interests.
 

 
 *732
 
 In Count II, after incorporating the Count I allegations by reference, plaintiff alleged that defendants breached their duty of care owed to plaintiff by reason of the attorney-client relationship. Specifically, plaintiff claimed that defendants: settled the
 
 Elam
 
 suit without his consent; placed the interests of Medical Protective over plaintiffs; failed to adequately investigate and evaluate the
 
 Elam
 
 case; and failed to advise plaintiff of the conflicts in their representation of him and their employment by Medical Protective.
 

 Count III alleged that respondents’ actions were willfully, wantonly and maliciously done.
 

 Defendants moved to dismiss the petition, arguing that there was no contract between Arana and defendants, that Arana failed to allege in his negligence claim that he would have prevailed had the
 
 Elam
 
 case gone to trial, and that Missouri does not recognize willful torts. Defendants also contended that damages of the type sought by Arana and punitive damages are not available in a legal malpractice action. The trial court sustained this motion, and dismissed all three counts of plaintiff’s petition.
 

 Following the trial court’s dismissal of the original petition without leave to amend, Arana moved for an order vacating, amending or modifying this judgment. The trial court sustained plaintiff’s motion to the extent that the court allowed plaintiff to file an amended petition as to Count II, the negligence claim, only.
 

 Plaintiff timely filed an amended petition claiming actual and punitive damages for legal malpractice based on negligence. The amended petition contained the same allegations as the original petition, as well as the following additional allegations of negligence: failing to provide plaintiff with an opportunity to secure alternative counsel; and failing to obtain a protective order to prevent disclosure of the terms of the
 
 Elam
 
 settlement. Plaintiff claimed that defendants’ conduct amounted to a reckless indifference to plaintiff’s rights.
 

 Defendants moved to dismiss plaintiff’s claim for punitive damages in his amended petition. The trial court sustained the motion without leave to amend. This left plaintiff to proceed on his claim for compensatory damages for negligence.
 

 On November 15, 1983, Arana filed an action in the U.S. District Court for the Western District of Missouri against Medical Protective alleging breach of contract, tortious breach of the covenant of good faith and fair dealing, and negligence based upon Medical Protective’s actions in settling the
 
 Elam
 
 suit without plaintiff’s consent. Plaintiff’s allegations as to the items and amount of damages were the same as the allegations of plaintiff’s original and amended petitions against defendants.
 

 On August 16, 1985, Arana and Medical Protective entered into a written Release and Settlement Agreement, supplemented by letters between Arana’s and Medical Protective’s counsel. The Release and Settlement Agreement provides, in pertinent part, that Arana:
 

 releases and forever discharges the Medical Protective Company of Fort Wayne, Indiana and any and all their persons, firms, associations, corporations, subsidiaries, divisions, trustees, directors, officers, shareholders, agents, employees, representatives and insurers except specifically for Wendell E. Koer-ner, Jr., Robert E. Douglas, Robert A. Brown, Jr., John P. Biehl and the Law Firm of Brown, Douglas & Brown of and from any and all liability, actions, claims, and demands whatsoever which the undersigned now has or may hereafter have on account of or arising out of personal injuries or damages to person, medical practice, property or impairment of or damages to any right....
 

 He H< * He He *
 

 4. It is expressly understood that Victor A. Arana, M.D. has indicated his intent to pursue further his claims against Wendell E. Koerner, Jr., Robert E. Douglas, Robert A. Brown, Jr. and John P. Biehl .. in the lawsuit ... Case No. CV 383-1222-CC, now pending in the Circuit Court of Buchanan County, State of Mis
 
 *733
 
 souri. It is expressly understood that this Release and Settlement Agreement does not release and settle Victor A. Ara-na’s claims or causes of action with any of these parties ...
 

 The settlement documents called for an immediate payment by Medial Protective of $250,000.00, and also included the following provision:
 

 If Victor A. Arana succeeds in obtaining, by trial or settlement, an amount of Fifty Thousand Dollars ($50,000.00) from said attorneys [defendants] no additional monies will be paid by the Medical Protective Company of Fort Wayne, Indiana, to Victor A. Arana, M.D. If an amount less than Fifty Thousand Dollars ($50,000.00) is received by settlement or at trial in case No. CV383-1222CC, [the present case] the Medical Protective Company of Fort Wayne, Indiana, shall pay the difference between the amount received and Fifty Thousand Dollars ($50,000.00)
 

 On January 24, 1986, defendants moved for summary judgment arguing that Ara-na’s release of Medical Protective extinguished any further pursuit of his claims against them. Defendants also argued that the disposition of the federal suit against Medical Protective “makes the questions in this suit res judicata.” On August 5, 1986, the trial court sustained defendants’ motion and dismissed plaintiff’s negligence claim. This appeal followed.
 

 I.
 

 Arana claims that the trial court erred in granting defendants summary judgment because Arana’s release of Medical Protective was not a general release, but one specifically excluding defendants from its coverage. In addition, Arana argues that res judicata is not applicable because there is no identity of the causes of action or of the parties between the present suit and the suit against Medical Protective.
 

 We agree with plaintiff. Defendants argue that Arana’s suit against Medical Protective seeks identical damages for the same wrong and that Arana’s claim against them is merely derivative of his claim against Medical Protective. According to defendants, the “ultimate responsibility” for obtaining Arana’s consent to settle lay with Medical Protective under the provisions of the insurance policy. Defendants characterize themselves as agents of Medical Protective. Defendants cite several cases wherein a judgment in favor of an employer was held to be res judicata in a subsequent suit against the employee. Defendants maintain that the dismissal with prejudice in Arana’s suit against Medical Protective was a ruling on the merits and operates to terminate the claims in this case, citing
 
 Lubbock Mfg. Co. v. International Harvester Co.,
 
 584 S.W.2d 908 (Tex.App.1979) and
 
 Keim v. Kalbfleisch,
 
 57 Ill. App.3d 621, 373 N.E.2d 565 (1978).
 

 The doctrine of res judicata requires the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of status in which the persons sue or are sued.
 
 Lewis v. Barnes Hospital,
 
 685 S.W.2d 591, 594 (Mo.App.1985). Defendants admitted in their answer to Arana’s amended petition, that they entered into an attorney/client relationship with Arana. It is upon this relationship that Arana’s claim against defendants is based, not upon the insurance policy or defendants’ actions as agents of Medical Protective.
 

 The obligations of an attorney to his client “are in no way abridged by the fact that an insurer employs him to represent an insured.”
 
 Betts v. Allstate Ins. Co.,
 
 154 Cal.App.3d 688, 201 Cal.Rptr. 528, 545 (4th Dist.1984). The attorney owes the insured the same obligation of good faith and fidelity as if the insured had retained the attorney personally and at his own expense.
 
 Betts,
 
 201 Cal.Rptr. at 545;
 
 Lieberman v. Employers’ Insurance of Wausau,
 
 84 N.J. 325, 419 A.2d 417, 424 (1980). By allegedly ignoring Arana’s instructions to litigate rather than settle the
 
 Elam
 
 suit, and by not informing plaintiff of their conflict of interests, defendants breached their duty to Arana as his attorney, not as agents of Medical Protective.
 
 See Lieberman,
 
 419 A.2d at 424, 425;
 
 Rogers v. Rob
 
 
 *734
 

 son, Masters, Ryan, Brumund, & Belom,
 
 81 I11.2d 201, 407 N.E.2d 47 (1980).
 

 Moreover, in
 
 Denny v. Matkieu,
 
 452 S.W.2d 114, 118 (Mo. banc 1970), the court held that a dismissal with prejudice following settlement does not automatically operate as an adjudication on the merits so as to bar subsequent litigation of other claims arising out of the same events.
 

 Plaintiff’s petition reveals that he is alleging either concerted action by defendants and Medical Protective or independent, but concurring torts, such that defendants and Medical Protective are joint tort-feasors.
 
 [1]
 
 A plaintiff suffering an injury caused by joint tortfeasors may sue each tortfeasor individually or may sue all the tortfeasors in one action.
 
 Agnew v. Union Construction Co.,
 
 291 S.W.2d 106, 109 (Mo.1956). Arana chose to sue defendants and Medical Protective separately. As part of their argument that res judicata bars Arana’s claim, defendants argue that Medical Protective should have been made a party to this action under Rule 52.04, and that Arana split his cause of action so that he could have two chances at recovery.
 

 Defendants have overlooked the basic principles applicable to joint tortfeasors. These principles are best stated in
 
 Prosser & Keeton On Torts
 
 § 47 (5th ed. 1984), as follows:
 

 When joinder is permitted, it is not compelled, and each tortfeasor may be sued severally, and held responsible for the damage caused, although other wrongdoers have contributed to it. The defendant cannot compel the plaintiff to make the others parties to the action, or complain because they have not been joined, or because the action against one is dismissed out of court; nor is it a defense that the defendant’s own participation was slight in comparison with that of others not joined. Since each is severally liable, a verdict in favor of one will not discharge the others, either in the same or in separate suits, unless, as in the case of vicarious liability, it is clear that one cannot be discharged without also discharging the other.
 

 See also Berry v. Kansas City Public Service Co.,
 
 343 Mo. 474, 121 S.W.2d 825, 833 (1938). Arana’s claims are not barred by res judicata and he has not improperly split his cause of action.
 

 We also reject defendants’ argument that Arana’s release of Medical Protective constitutes a general release which also releases defendants. Section 537.060 RSMo 1986 provides that when a release is given to one of two or more persons liable in tort for the same injury, “such agreement shall not discharge any of the other tortfeasors for the damage unless the terms of the agreement so provide ...”
 

 Defendants contend that the release provision regarding Medical Protective’s payment of an additional amount of up to $50,000 depending upon the outcome of this suit makes the release general. Defendants’ argument is that this provision purports to split Arana’s damages between those attributable to Medical Protective ($250,000.00) and those attributable to defendants ($50,000.00), thereby disposing of the whole injury allegedly sustained.
 

 In considering defendants’ argument, we keep in mind that § 537.060 provides that a release of one tortfeasor does not discharge any of the other tortfeasors “unless the terms of the agreement so provide ...” We also keep in mind that § 537.060 has not affected the rule that a plaintiff may only recover one satisfaction for his injuries and if full satisfaction is received from one tortfeasor by settlement, he may not recover from the other tort-feasor.
 
 Clark v. Booth,
 
 660 S.W.2d 316, 317 (Mo.App.1983).
 

 By the terms of the release, Arana has not received a full satisfaction of his injuries. Nor will he be able to recover more than one satisfaction by pursuing his claim against defendants. Under § 537.-
 
 *735
 
 060 RSMo, the amount of plaintiffs claim against defendants is reduced by the amount of plaintiff’s settlement with Medical Protective ensuring that plaintiff does not get more than one satisfaction. Arana has merely made the amount he will receive from Medical Protective dependent upon his recovery against defendants. Ar-ana has alleged that Medical Protective and defendants are liable for the same injury to Arana. Arana wished to settle with Medical Protective for $250,000. Arana made clear his intent to pursue his claims against defendants. If Arana incorrectly estimated his chances of recovery such that he recovers less than $50,000.00 from defendants, Medical Protective has agreed to pay the difference.
 

 Missouri public policy favors settlements.
 
 Harrison v. St. Louis Public Service Co.,
 
 251 S.W.2d 348, 353 (Mo.App.1952). Allowing a “sliding scale” provision in the settlement encourages the plaintiff to settle. We can see no reason why the sliding scale provision should make the release of Medical Protective a release of defendants when Arana clearly and specifically stated that he did not intend to release defendants.
 

 II.
 

 Arana claims in his second point that the trial court erred as a matter of law in dismissing without leave to amend Count III of his original petition for failure to state a claim. In Count III of his petition, labeled “willful tort”, plaintiff alleged that the conduct set forth in Counts I and II was done “willfully, wantonly, and maliciously.”
 

 A motion to dismiss for failure to state a cause of action may be sustained only where the petition fails to allege the facts essential to a recovery.
 
 Green Quarries, Inc. v. Raasch,
 
 676 S.W.2d 261, 263 (Mo.App.1984). In determining whether sufficient facts are stated, the petition is to be broadly construed in plaintiff’s favor, with all allegations and reasonable inferences therefrom accepted as true.
 
 Brion v. Vigilant Insurance Co.,
 
 651 S.W.2d 183, 184 (Mo.App.1983).
 

 Defendants argued in their motion to dismiss that Missouri does not recognize a “willful tort” cause of action citing
 
 Dyer v. General American Life Ins. Co.,
 
 541 S.W.2d 702 (Mo.App.1976). In their brief to this court, defendants state, with no discussion or authority provided, that “Count III of Arana’s petition rested upon a cause of action not recognized in Missouri.” Defendants go on to argue, however, that plaintiff has not pled causation, damages, or intent so as to state a claim upon which relief can be granted.
 

 In order to determine whether plaintiff has pled all the necessary elements of a cause of action such that the trial court erred in dismissing Count III, we must first determine what cause of action plaintiff has attempted to plead.
 

 In his brief, plaintiff maintains that his claim is for intentional legal malpractice. Plaintiff maintains that if the negligent conduct of an attorney can form the basis for a malpractice action, then intentional conduct can as well. The case cited by plaintiff in support of this proposition was nonetheless treated by the court as a negligence theory of malpractice.
 
 See Bangert v. Harris,
 
 553 F.Supp. 235, 238 (M.D.Pa. 1982).
 

 Plaintiff already has alleged a legal malpractice claim for negligence based upon defendants’ conduct and is seeking to also present a claim for intentional malpractice. We have found no cases involving a cause of action for intentional legal malpractice
 
 per se.
 
 When an attorney intentionally commits an act of misconduct in representing his or her client’s interest, such as plaintiff has alleged, an action in tort may lie for breach of fiduciary duty or constructive fraud.
 
 See Gardine v. Cottey,
 
 360 Mo. 681, 230 S.W.2d 731, 739 (1950) (attorney client relationship is highly fiduciary and a breach of fidelity to the client’s interest constitutes constructive fraud);
 
 McKeehan v. Wittels,
 
 508 S.W.2d 277, 281 (Mo.App.1974) (deliberate failure by a fiduciary to follow instructions in order to further fiduciary’s own
 
 *736
 
 interests is a breach of fiduciary duty).
 
 [2]
 
 We have even considered whether plaintiff’s allegations of a willful tort based on malpractice constitute a prima facie tort cause of action. The elements necessary to establish a claim for prima facie tort include: (1) the committing of an intentional lawful act by the defendant, (2) an intent to cause injury to the plaintiff, (3) resulting injury to the plaintiff, and (4) an absence of any justification or an insufficiency of justification for the defendant’s acts.
 
 Dowd v. General Motors Acceptance Corp.,
 
 685 S.W.2d 868, 872 (Mo.App.1984). The prima facie tort theory is not available where the plaintiff’s claim falls within a well-defined nominate tort action.
 
 Bandag of Springfield, Inc. v. Bandag, Inc.,
 
 662 S.W.2d 546 (Mo.App.1983). Since it appears that plaintiff’s claim may constitute a breach of fiduciary duty or constructive fraud (not to mention plaintiff’s inconsistent claim that the conduct constitutes malpractice based upon negligence), prima facie tort may not be applicable.
 
 [3]
 
 In any event, plaintiff has not pled the first element necessary to state a claim for prima facie tort, i.e., the committing of an intentional,
 
 lawful
 
 act by defendants. Plaintiff pled that defendants committed an intentional
 
 unlawful
 
 act, i.e. settling the
 
 Elam
 
 suit without the authorization, or consent of plaintiff.
 
 See Band-ag,
 
 662 S.W.2d at 554-55.
 

 Plaintiff argues that if this court determines that he has not stated a claim for intentional legal malpractice, he should be permitted to amend his petition to plead breach of fiduciary duty or constructive fraud. Plaintiff requested leave from the trial court to amend his Count III claim. Rule 67.06 states that leave to amend shall be freely granted. We find that the dismissal of plaintiff’s claim without leave to amend is too harsh.
 
 See Boyd v. Kansas City Area Transportation Authority,
 
 610 S.W.2d 414, 417 (Mo.App.1980). The trial court’s dismissal of Count III of plaintiff’s petition is reversed and remanded with instructions to grant plaintiff leave to amend.
 

 III.
 

 Finally, Arana claims that the trial court erred in dismissing his claim for punitive damages in his amended petition for negligence. As with its dismissal of Counts I and III of Arana’s petition, the trial court did not make any findings of fact or conclusions of law to indicate its reason for the dismissal of Arana’s punitive damage claim. Finding no reason why Arana’s claim should be dismissed, we reverse and remand for a consideration of the merits.
 

 Missouri allows punitive damages to be sought in a negligence claim where the act or omission manifests a reckless indifference or conscious disregard of the rights of others.
 
 Sharp v. Robberson,
 
 495 S.W.2d 394 (Mo. banc 1973). Defendants argue that Arana failed to allege facts showing that defendants knew or had reason to know that their acts posed an unreasonable risk that substantial injury was highly probable. We disagree.
 

 The amended petition states that defendants did not adequately investigate and evaluate the
 
 Elam
 
 suit, but instead defendants knowingly settled in order to favor their business relationship with Medical Protective over their duty to plaintiff. Arana further alleges that defendants knew that their “improper” settlement of the Elam suit would result in injury to plaintiff.
 

 The court in
 
 Hoover’s Dairy, Inc. v. Mid-America Dairymen,
 
 700 S.W.2d 426, 436 (Mo. banc 1985), explained the requirements for punitive damages as follows:
 

 
 *737
 
 The analogy can be drawn to a mechanic who fails to test the brakes on a car. Assuming that the examination should have been conducted, the mechanic is negligent but not liable for punitive damages unless it can be shown that he or she knew or had reason to know that the brakes would fail and result in great bodily harm. Such is the critical difference between negligence in order to establish liability and reckless conduct which would justify a punitive damage award.
 

 We find that Arana has sufficiently alleged, and should be allowed to try to prove, that defendants were not merely negligent in settling the
 
 Elam
 
 suit, but knew or had reason to know that their settlement of the
 
 Elam
 
 suit without Ara-na’s consent or knowledge was highly likely to result in injury to Arana’s reputation. We reverse the order of the trial court dismissing Arana’s claim for punitive damages in his amended petition for negligence and remand for proceedings on the merits of Arana’s claims.
 

 The judgment of the trial court dismissing Arana’s claim for willful tort is reversed and remanded for further proceedings with instructions to allow Arana the opportunity to amend his petition. The judgment of the trial court dismissing Ara-na’s claim for punitive damages in his amended petition for negligence is reversed and remanded for consideration of the merits. The judgment of the trial court granting defendants summary judgment on Ara-na’s amended petition for negligence is reversed and remanded for consideration of the merits.
 

 All concur.
 

 [1]
 

 . Defendants are considered joint tortfeasors in any of the following situations: (1) concerted action; (2) breach of a common duty; (3) vicarious liability; and (4) independent, separate, but concurring torts which cause a single, indivisible harm.
 
 Brickner v. Normandy Osteopathic Hospital, Inc.,
 
 687 S.W.2d 910, 912 (Mo.App. 1985).
 

 [2]
 

 . Allegations of intentional misconduct might likewise constitute a claim for breach of contract. Plaintiffs original petition included a claim for breach of contract, but plaintiff has not appealed the court’s dismissal of that claim.
 

 [3]
 

 . We note that
 
 Bandag
 
 makes it clear that
 
 submission
 
 of a prima facie tort claim is not allowed where the evidence shows that the claim falls within a nominate tort.
 
 Bandag,
 
 662 S.W.2d at 554. It is possible that a plaintiff may
 
 plead,
 
 alternatively, a prima facie tort claim and a nominate tort.
 
 See Bandag,
 
 662 S.W.2d at 551-54. We do not decide that issue today, since we have determined that plaintiff has not pled a prima facie tort claim.