**In re Leander HOLMES t/a Holmes Contracting, Debtor.**

**Leander HOLMES t/a Holmes Contracting, Plaintiff,**

v.

**THOMAS M. DURKIN & SONS, INC., Defendant.**

**Bankruptcy No. 85–01712 T.**
**Adv. No. 86–0351.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 24, 1987.

Paul A. Logan, Norristown, Pa., for debtor.

Samuel A. Scott, Allentown, Pa., for defendant.

Frederick L. Reigle, Reading, Pa., trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before this court is a motion to dismiss count III of the debtor's complaint alleging a breach of a contract for the construction of an interstate highway in eastern Pennsylvania. The defendant, Thomas M. Durkin and Sons, Inc., was the successful bidder on this Commonwealth of Pennsylvania Department of Transportation ("PennDoT") contract. In order to obtain the contract, the defendant was required, by the contract, to employ a certain percentage of disadvantaged business enterprises as subcontractors. Leander Holmes, plaintiff-debtor, was approved as an acceptable minorities contractor and was subcontracted by the defendant to participate in the highway construction project. The debtor filed a complaint seeking damages, costs and punitive damages for the defendant's alleged interference with the performance of the subcontract. The defendant has filed a motion to dismiss count III of the debtor's complaint alleging that the claim is simply one for breach of contract and that punitive damages are not recoverable. This court finds that, under Pennsylvania law, punitive damages are not recoverable for breach of contract actions. We also find that Pennsylvania has not recognized bad faith and malicious breach of contract as a basis for punitive damages. We, therefore, grant the defend-

ant's motion to dismiss count III to the extent that it seeks punitive damages.

On June 5, 1984, a contract was entered into between the defendant and the Commonwealth of Pennsylvania for PennDoT Project L.R. 1045 (005). June 28, 1984, the defendant and the debtor entered into a subcontract for the aforementioned construction project.[1] The debtor asserts that it performed the work required under the subcontract and has demanded payment from both the Commonwealth of Pennsylvania and the defendant in the amount of $170,913.82. Payment has not been made. A complaint was filed, April 23, 1986, alleging: (1) that the defendant willfully prohibited the debtor from performing under the contract; (2) that the defendant sent notice that the debtor was behind schedule even before the debtor was notified that the contract had been approved; and (3) that the defendant had failed to provide any supervision as required by the minorities program. The defendant filed a motion to dismiss count III[2] of the debtor's complaint stating that the allegations are insufficient to state a claim for punitive damages. This court will grant the defendant's motion to dismiss count III to the extent that count III seeks punitive damages for an alleged breach of the construction contract.

The Pennsylvania courts have historically refused to allow punitive damages for breach of contract. *Hoy v. Gronoble*, 34 Pa. 9, 11–12 (1859). The federal courts of this circuit have recognized that:

"... it has long been the general rule in Pennsylvania that exemplary, or punitive damages are not recoverable for breach of contract because 'the motive for breaching a contract is not important and ... the recovery would be restricted to the damages caused by the breach itself.'"

*Bangert v. Harris*, 553 F.Supp. 235, 239 (M.D.Pa.1982); *see also, Argo Welded*

*Products Inc. v. J.T. Ryerson Steel and Sons, Inc.*, 528 F.Supp. 583 (E.D.Pa.1981); *Mellon Bank, N.A. v. AETNA Business Credit, Inc.*, 500 F.Supp. 1312, 1321 (W.D. Pa.1980). Under Pennsylvania law, punitive damages have been awarded in breach of contract actions, based on the tort of intentional interference with business but such tort requires a third party's interference which forces the breaking of a contract between two parties, and the standard is malice, vindictiveness, and wanton disregard of another's rights. *Richette v. Pennsylvania R.R.*, 410 Pa. 6, 6–17, 187 A.2d 910 (1963). Nowhere does the debtor allege facts which would state a claim upon which relief could be granted.

The debtor relies solely upon the case of *Patterson v. Marine Bank*, 130 Pa. 419, 432–434, 18 A. 632 (1889) to support its claim for punitive damages. We find that *Patterson* is easily distinguished from the case at hand. First, the decision in *Patterson* was based upon a public policy which would not permit a bank to refuse to honor a check of one of its depositors—thus becoming a question of public policy not merely a breach of contract. Further, Chief Judge Weber of the Middle District of Pennsylvania has held that "*Patterson* has been exclusively restricted to the facts in that case." *Mellon Bank, N.A. v. AETNA Business Credit, Inc.*, 500 F.Supp. at 1321. *See also Franklin Trust Co. of Philadelphia*, 319 Pa. 367, 372, 179 A. 592 (1935). We do not find that *Patterson* is persuasive in the case at hand.

We conclude that there is no basis in Pennsylvania law for awarding punitive damages for breach of contract. Pennsylvania has not recognized bad faith and malicious breach of contract as a basis for punitive damages. Therefore, we shall grant the defendant's motion to dismiss count III of the debtor's complaint to the

---

1. The debtor filed its petition for relief under chapter 13 on May 1, 1985.

2. Count I alleges a breach of contract. Count II alleges that the contract was breached by the defendant's refusing to allow the debtor to per-

form its work and by failing to provide the supervision purportedly required by the minority contractors program. Count III incorporates the prior allegations and requests punitive damages.

extent that it seeks punitive damages for an alleged breach of contract.

An appropriate order will follow.